## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MICHAEL-DAVID FLEMING, | ) |
| Plaintiff *pro se*, | ) Civil Action No. 24-cv-00463-LKG |
| v. | ) Dated: February 11, 2025 |
| FREEDOM MORTGAGE CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I.   INTRODUCTION

In this civil action, the Plaintiff *pro se*, Michael-David Fleming, appears to bring a breach of contract claim against the Defendant, Freedom Mortgage Corporation ("Freedom Mortgage"), arising from a foreclosure proceeding involving his residential property. ECF No. 1. The Defendant has moved to dismiss the complaint pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 14 and 21. The Plaintiff has also filed a motion to sequester. ECF No. 17. These motions are fully briefed. ECF Nos. 14, 16 and 21. In addition, the Defendant has filed motions to strike the Plaintiff's request that the Court take judicial notice (ECF No. 26) and the Plaintiff's status update and request for clarification (ECF No. 28). ECF Nos. 27 and 29.

No hearing is necessary to resolve these motions. L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to dismiss; (2) **DENIES-as-MOOT** the Plaintiff's motion to sequester (ECF No. 17); (3) **DENIES-as-MOOT** the Defendant's motions to strike (ECF Nos. 27 and 29); and (4) **DISMISSES** the complaint.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**[1]

   A. **Factual Background**

The Plaintiff is proceeding without the assistance of counsel in this matter, and his complaint is difficult to follow. But it appears that the Plaintiff asserts a breach of contract claim against Freedom Mortgage for accepting his money order and refusing to settle his mortgage debt.[2] ECF No. 1 at 4.

Specifically, the Plaintiff alleges in the complaint that "[t]his entity has Breached Trust law(s) and Freedom Mortgage claims to possess the original securities instrument which was requested of the corporation to be utilized via an obligation to perform equal value. The Corporation now seeks to retain both Securities and the Asset and remove the True Owner of the property." *Id.* As relief, the Plaintiff seeks to recover $1,500,000.00 from Freedom Mortgage. *Id*.

<u>The Parties</u>

The Plaintiff *pro se*, Michael-David Fleming, is a resident of Prince George's County, Maryland. ECF No. 1 at 1.

The Defendant Freedom Mortgage is a national mortgage lender that assists Americans with buying and refinancing homes. *See* https://www.freedommortgage.com/about; ECF No. 1 at 2.

<u>Background</u>

As background, on August 12, 2015, Mr. Fleming executed a promissory note for $206,196.00, with a 4.25% interest rate, and a purchase money deed of trust that secured his real property located at 3801 Portal Avenue, Temple Hills, MD 20748 (the "Property"). ECF No. 1-4

---

[1] The facts recited herein are taken from the complaint and the attachments thereto; the Defendant's motion to dismiss, the memorandum in support thereof, and exhibits attached thereto; and the Plaintiff's response in opposition to the Defendant's motion to dismiss. ECF Nos. 1, 14, and 16. Unless otherwise stated, the facts are undisputed.

[2] While the complaint is difficult to follow, it appears that the Plaintiff may also allege that the Circuit Court for Prince George's County, Maryland violated his constitutional rights in connection with a foreclosure proceeding involving his property. ECF Nos. 1-2 and 16. To the extent that he does so, the claim is not sufficient to satisfy the pleading requirements under Federal Rules of Civil Procedure 8(a) and 12(b)(6). The Court also observes that Freedom Mortgage is the only named Defendant in the complaint. ECF No. 1.

at 8-16 and 22-26. On April 1, 2016, Freedom Mortgage issued a notice of intent to foreclose on the Property. *Id.* at 32-35.

The foreclosure notice provides that, as of April 1, 2016, Freedom Mortgage had not received a loan payment from Mr. Fleming since January 21, 2016, resulting in a default on the mortgage loan on February 2, 2016. *Id.* at 35.

At the time of the notice, Mr. Fleming was required to pay Freedom Mortgage $4,756.80 to cure the default. *Id.* On December 16, 2016, Freedom Mortgage initiated a foreclosure action regarding the Property in the Circuit Court for Prince George's County, Maryland, Case No. CAEF16-44290. ECF No. 14-7 at 1.

Approximately two years later, Freedom Mortgage filed a separate civil action to quiet title in state court, to enable the foreclosure action to proceed. *Id.* On September 30, 2019, Mr. Fleming sent Freedom Mortgage and its Chief Financial Officer a "Notice to Settle Account" and a money order. ECF No. 14-3 at 11. In the notice, Mr. Fleming asked Freedom Mortgage to apply the enclosed money order to his mortgage loan, "to correct [the loan] statement and provide an authenticated record of said corrections constituting [Freedom Mortgage's] approval and acceptance of [the money order] for payment in full of the unpaid obligations for [the loan]." *Id.*

Mr. Fleming also requested that Freedom Mortgage provide "a statement of [the loan] showing a balance of $0 (Zero Dollars)" and to "send the title and deed associated with [the property]" to show that he "has full legal title of the [property]." *Id.* Lastly, Mr. Fleming stated in the notice that Freedom Mortgage could only refuse if they provided "a notice of dishonor from the drawee" or identified a defect in the money order and returned it to him. *Id.*

On October 14, 2019, Freedom Mortgage's Customer Care Department notified Mr. Fleming that it received his correspondence and asked him to "allow up to thirty (30) days (excluding legal public holidays, Saturdays, and Sundays) for a response." *Id.* at 19. To date, the foreclosure action involving the Property remains pending. https://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis

The Plaintiff's Prior Litigation Against Freedom Mortgage

On March 8, 2021, Mr. Fleming filed a complaint against Freedom Mortgage and its Chief Financial Officer in this Court, Case No. 8:21-cv-00586 (the "2021 Case"), alleging that Freedom Mortgage breached a contract by failing to settle the debt for the Property, after

receiving a money order to satisfy this debt. ECF No. 14-2. In that case, Mr. Fleming alleged that he offered to pay off his mortgage and sent Freedom Mortgage a money order by certified mail, and that Freedom Mortgage "retained the [money order] as well as complied with all other matters in the agreement yet did not release the mortgage." *Id.* at 4. Mr. Fleming also alleged that Freedom Mortgage violated his constitutional rights by initiating foreclosure proceedings and was liable to him based on the Uniform Commercial Code and two federal criminal statutes. ECF No. 14-3 at 1, 3 and 6. Relevant to the pending motion to dismiss, Mr. Fleming alleged in the 2021 Case that "Freedom Mortgage and Stan Moskowitz retained the United States Postal Service money order," which "constitutes a sufficient act and acceptance of the offer." *Id.* at 4.

After the defendants in the 2021 Case moved to dismiss the amended complaint for lack of subject-matter jurisdiction and failure to state a claim, the Court issued a memorandum opinion and order dismissing the amended complaint on February 10, 2023. ECF No. 14-7. In the Court's February 10, 2023, memorandum opinion, the Court held, among other things, that:

> [Mr. Fleming's allegations that he offered to pay off his mortgage and sent Freedom Mortgage a money order, which Freedom Mortgage retained and used to settle his debt] and offers of proof are insufficient because unlike cash, the value of a money order is not in the hands of a recipient until the recipient cashes it. *See* https://www.usps.com/shop/ moneyorders.htm. It is speculation that defendants cashed the money order. Moreover, Mr. Fleming-Scott does not state the amount of the money order or attach a copy of the money order to his complaint. But the money order could not have exceeded $1,000.00 because the U.S. Postal Service does not issue money orders for more than $1,000.00. *Id.* It is not plausible that defendants accepted a money order of no more than $1,000.00 as full payment on an outstanding home mortgage. And the Court cannot infer acceptance from the defendants' alleged silence in response to the purported offer to settle the debt. Mr. Fleming-Scott does not plausibly allege that the defendants accepted his offer to settle his debt. Without acceptance, there is no contract, and he does not state a claim for breach of contract or any Constitutional or statutory claim based on a breach of the purported contract.

*Id.* at 5. And so, the Court dismissed Mr. Fleming's breach of contract claims for failure to state a claim and dismissed his claim seeking "equitable relief from foreclosure . . . for lack of subject matter jurisdiction." *Id.* at 6. The Court also dismissed Mr. Fleming's claims under the UCC and two criminal statutes, because none of these laws provide for a private right of action. *Id.* at

5-6.  On May 17, 2023, this Court issued an Order denying the Mr. Fleming's motion for reconsideration of the Court's dismissal order.  ECF No. 14-9.

The Present Litigation

On February 16, 2024, Mr. Fleming filed the complaint in this civil action, asserting a breach of contract claim against Freedom Mortgage for accepting his money order in settlement of his debt.  ECF No. 1.  In the complaint, Mr. Fleming alleges that: "The entity has Breached Trust law(s) and Freedom Mortgage claims to possess the original securities instrument which was requested of the corporation to be utilized via an obligation to perform equal value.  The Corporation now seeks to retain both securities and the Assets and remove the True Owner of the property."  *Id.* at 4.  In this regard, Mr. Fleming alpleges that: "Freedom Mortgage seeks to retain all Securities instruments (note) and to retain the Real Property and to NOT release the Mortgage as required."  ECF No. 1-1.

In addition, Mr. Fleming alleges that the "Securitized Instrument" in the hands of Freedom Mortgage "demands [Freedom Mortgage] to perform and apply the note and to Release the Mortgage. However, the Trustee [Richard Lash] wishes to NOT apply the note and retain the note and attempt to seize the property."  ECF No. 1-2 at 1.  And so, the Court reads the complaint to allege that Freedom Mortgage breached an agreement to settle the mortgage debt on the Property, by accepting Mr. Fleming's payment and then proceeding with the foreclosure proceedings.

**B. Procedural History**

On May 6, 2024, Freedom Mortgage filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and a memorandum in support thereof.  ECF Nos. 14 and 14-1.

On May 20, 2024, Mr. Fleming filed a response in opposition to the motion to dismiss.  ECF No. 16.  On May 20, 2024, Mr. Fleming filed a motion to sequester the genuine original note.  ECF No. 17.

On June 4, 2024, Freedom Mortgage filed a reply brief and a response in opposition to Mr. Fleming's motion to sequester the genuine original note.  ECF Nos. 18 and 21.

On December 3, 2025, Freedom Mortgage filed a motion to strike Mr. Fleming's request that the Court take judicial notice of a scheduled foreclosure sale (ECF No. 26).  ECF No. 27.

On January 27, 2025, Freedom Mortgage filed a motion to strike Mr. Fleming's "status update and request for clarification" (ECF No. 28). ECF No. 29.

The matters having been fully briefed, the Court resolves the pending motions.

### III.   LEGAL STANDARDS

#### A.  *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel. The Court must construe a *pro se* litigant's complaint liberally. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Bell v. Bank of Am., N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a complaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." (quotations omitted)). And so, if a *pro se* plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

#### B.  Rule 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac*

*R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment" when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). If a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

### C. Rule 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Inc.*, 591 F.3d at 255. The Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### D. *Res Judicata* And Collateral Estoppel

Lastly, under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004). For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Nash Cty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981).

The doctrine of "'collateral estoppel' or 'issue preclusion' . . . is a subset of *the res judicata* genre." *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004)

7

(citation omitted). To apply collateral estoppel to an issue or fact, the proponent must demonstrate that: (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. *See id.*; *see also Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 221 (4th Cir. 2006). The Fourth Circuit has held that "a jurisdictional dismissal . . . is not a judgment on the merits for purposes of res judicata." *Goldsmith v. Mayor & City Council of Balt.*, 987 F.2d 1064, 1069 (4th Cir. 1993); *see also U.S. ex rel. May v. Purdue Pharm. L.P.*, 737 F.3d 908, 912 (4th Cir. 2013). Nonetheless, a "jurisdictional dismissal . . . still operates to bar re-litigation of issues actually decided by that former judgment" under collateral estoppel. *Id.* (citing *GAF Corp. v. United States*, 818 F.2d 901, 912 & n.72 (D.C. Cir. 1987)).

## IV.     ANALYSIS

Freedom Mortgage has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), upon the following grounds: (1) the doctrine of *res judicata* requires the dismissal of the complaint; (2) the collateral estoppel doctrine also bars Mr. Fleming's claims; and (3) Mr. Fleming fails to state a plausible breach of contract claim, because the complaint lacks facts to show acceptance of an offer to establish the existence of a valid contract. ECF No. 14-1. And so, Freedom Mortgage requests that the Court dismiss the complaint. *Id.* at 9.

Mr. Fleming does not substantively address Freedom Mortgage's arguments in his response in opposition to the motion to dismiss. ECF No. 16. But, Mr. Fleming, nonetheless, requests that the Court deny Freedom Mortgage's motion. *See id.* at 2 and 10-12.

For the reasons below, a careful reading of the complaint shows that doctrines of *res judicata* and collateral estoppel bar Mr. Fleming's claims in this case. And so, the Court (1) GRANTS the Defendant's motion to dismiss; (2) DENIES-as-MOOT the Plaintiff's motion to sequester (ECF No. 17); (3) DENIES-as-MOOT the Defendant's motions to strike (ECF Nos. 27 and 29); and (4) DISMISSES the complaint.

### A. The Plaintiff's Breach Of Contract Claims Is Barred By *Res Judicata*

As an initial matter, Freedom Mortgage persuasively argues that Mr. Fleming's claims in this matter are barred by the doctrine of *res judicata*. The doctrine of *res judicata*, also known as

8

claim preclusion, is a legal doctrine that promotes judicial efficiency and ensures the finality of the Court's decisions. *See In re Microsoft Corp. Antitrust Litig.*, 355 F.3d at 325. This doctrine bars litigation when there has been: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of the parties or their privies in the two suits. *Nash Cty. Bd. of Educ.*, 640 F.2d at 486. The complaint makes clear that Mr. Fleming's claims are barred by the doctrine of *res judicata*. First, there can be no genuine dispute that Mr. Fleming and Freedom Mortgage were parties to a prior case that Mr. Fleming brought before this Court in 2021. *See* ECF Nos. 14-2, 14-3 and 14-7. The evidence before the Court also shows that Mr. Fleming raised the same breach of contract claim in the 2021 Case that he seeks to litigate in this matter. In that case, Mr. Fleming alleged a breach of contract claim related to the settlement of his mortgage debt, and he appears to allege the same claim in the complaint in this matter. Notably, in both cases, the gravamen of Mr. Fleming's claim is that he entered into a contract with Freedom Mortgage to satisfy the default on his mortgage when he sent a money order to Freedom Mortgage. *Compare* ECF No. 1, *with* ECF No. 14-7.

Lastly, the evidence before the Court shows that the Court entered a final judgment on the merits of Mr. Fleming's breach of contract claim by dismissing that claim for failure to state a claim in 2021. *See* ECF No. 14-7 at 5-6. In this regard, the Court held that "Mr. Fleming-Scott does not plausibly allege that the defendants accepted his offer to settle his debt. Without acceptance, there is no contract, and he does not state a claim for breach of contract or any Constitutional or statutory claim based on a breach of the purported contract." ECF No. 14-7 at 5. And so, Mr. Fleming's breach of contract claim in this matter is barred by *res judicata*.

### B. The Plaintiff's Breach Of Contract Claim Is Barred By Collateral Estoppel

To the extent that Mr. Fleming's claims are not barred by the doctrine of *res judicata*, his claims are barred by collateral estoppel. The doctrine of collateral estoppel, also known as issue preclusion, "bars the re-litigation of specific issues that were actually determined in a prior action." *Megaro v. McCollum*, 66 F.4th 151, 159 (4th Cir. 2023). To apply collateral estoppel to an issue or fact, the proponent must demonstrate that: (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior

resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d. at 326.

Here, Freedom Mortgage has sufficiently shown that collateral estoppel applies to Mr. Fleming's contract claims. First, the issue or fact raised here is identical to the one previously litigated in the 2021 Case, because the alleged breach of contract in this matter arises out of the factual allegations presented in the 2021 Case. *See* ECF No. 14-7 at 1-2. Notably, Mr. Fleming alleges the existence of the same contract with Freedom Mortgage at issue in the 2021 Case, which involved the Property. *Compare* ECFs No. 1-4 at 8-16 and 22-26, *with* ECF No. 14-7 at 1. Second, as discussed above, the facts regarding this alleged contract were resolved by the Court in the 2021 Case. ECF No. 14-7 at 6.

Third, the evidence before the Court makes clear that existence of the alleged contract with Freedom Mortgage was a critical and necessary fact for the Court to decide Mr. Fleming's breach of contract claims in the 2021 Case. *See* ECF No. 14-7 at 5-6. In addition, the Court's judgment in the 2021 Case became final when Mr. Fleming did not appeal the dismissal order in that case. *See id.* Lastly, the evidence shows, and Mr. Fleming does not contest, that Mr. Fleming had a full and fair opportunity to litigate these issues in the 2021 Case. *See* ECF Nos. 14-7 and 16. Given this, collateral estoppel also bars Mr. Fleming's contract claim. And so, the Court also **GRANTS** the Defendant's motion to dismiss for this reason.[3]

V. **CONCLUSION**

In sum, a careful reading of the complaint shows that the doctrines of *res judicata* and collateral estoppel bar Mr. Fleming's claims in this case. And so, the Court:

1. **GRANTS** the Defendant's motion to dismiss;
2. **DENIES-as-MOOT** the Plaintiff's motion to sequester (ECF No. 17);

---

[3] Because the Court finds that *res judicata* and collateral estoppel bar Mr. Fleming's claims, the Court does not reach Freedom Mortgage's argument that the complaint fails to state a plausible breach of contract claim.

10

3. **DENIES-as-MOOT** the Defendant's motions to strike (ECF Nos. 27 and 29); and
4. **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge