IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL-DAVID FLEMING, | ) <br> ) |
| Plaintiff, *pro se*, | ) Civil Action No. 24-cv-00463-LKG <br> ) |
| v. | ) Dated: March 28, 2025 <br> ) |
| FREEDOM MORTGAGE CORPORATION, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

**MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

In this civil action, the Plaintiff *pro se*, Michael David-Fleming, brought a breach of contract claim against the Defendant, Freedom Mortgage Corporation ("Freedom Mortgage"), arising from a foreclosure proceeding involving his residential property. *See generally* ECF No. 1. On February 11, 2025, the Court granted Freedom Mortgage's motion to dismiss the complaint (the "February 11, 2025, Decision"), pursuant to Fed. R. Civ. P. 12(b)(1). ECF No. 30. The Plaintiff has moved for reconsideration of the Court's February 11, 2025, Decision, pursuant to Fed. R. Civ. P. 59(e) and 60(b). ECF No. 32.[1] No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court **DENIES** the Plaintiff's motion for reconsideration (ECF No. 32).

**Factual Background**

In this civil action, Mr. Fleming brought a breach of contract claim against the Defendant, Freedom Mortgage, arising from a foreclosure proceeding involving his residential property. A detailed factual background for the case is set forth in the Court's February 11, 2025, Decision. ECF No. 30.

---

[1] Freedom Mortgage has not filed a response to the Plaintiff's motion for reconsideration.

Relevant to the pending motion for reconsideration, the Court held in the February 11, 2025, Decision, that the doctrines of *res judicata* and collateral estoppel barred the Plaintiff's claims. *Id.* at 8-10. Specifically, the Court held that *res judicata* barred Mr. Fleming's claims, because the complaint makes clear that: (1) Mr. Fleming and Freedom Mortgage were parties to a prior case that Mr. Fleming brought before this Court in 2021; (2) Mr. Fleming raised the same breach of contract claim in the 2021 Case that he seeks to litigate in this matter; and (3) the Court entered a final judgment on the merits of Mr. Fleming's breach of contract claim, by dismissing that claim for failure to state a claim in 2021. *See id.* at 8 and 9.

The Court also held that, to the extent that Mr. Fleming's claims are not barred by the doctrine of *res judicata*, his claims are barred by collateral estoppel, because: (1) the alleged breach of contract in this matter arises out of the same factual allegations presented in the 2021 Case; (2) the facts regarding the alleged contract were resolved by the Court in the 2021 Case; and (3) the evidence before the Court makes clear that existence of the alleged contract with Freedom Mortgage was a critical and necessary fact for the Court to decide Mr. Fleming's breach of contract claims in the 2021 Case. *Id.* at 9 and 10.

The Court also held that the judgment in the 2021 Case became final when Mr. Fleming did not appeal the dismissal order in that case and that Mr. Fleming had a full and fair opportunity to litigate these issues in the 2021 Case. *Id.* at 10. And so, the Court granted Freedom Mortgage's motion to dismiss and dismissed the complaint. *Id.*

In his motion for reconsideration, Mr. Fleming argues that the Court should reconsider the dismissal of his claims, because: (1) the Court did not address the grounds for his motion to transfer; (2) the Court's dismissal order conflicts with established legal precedent; (3) he is forced to pursue a costly appeal; and (4) the Court mischaracterized his claims.[2] *See generally* ECF No. 32. Freedom Mortgage has not filed a response to Mr. Fleming's motion.

---

[2] Mr. Fleming argues that "the fundamental issue [in this case] is whether [Freedom Mortgage] has the legal right to foreclose on the property." ECF No. 32 at 5.

**<u>Legal Standards</u>**

A. **Fed. R. Civ. P. 59**

A party may move to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or seek relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59 and 60(b). Pursuant to Rule 59(e), a party may move to alter or amend a court's judgment within 28 days of entry. Fed. R. Civ. P. 59(e). But a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)).

B. **Fed. R. Civ. P. 60(b)**

Fed. R. Civ. P. 60(b) sets forth the grounds for obtaining relief from a judgment or order and provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The United States Court of Appeals for the Fourth Circuit has recognized that a party seeking relief from judgment under Rule 60(b) must have a meritorious claim or defense, and the opposing party must not be unfairly prejudiced by having the judgment set aside. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). The Fourth Circuit has also recognized that relief under Rule 60(b) is "an extraordinary remedy that should not be awarded except under

exceptional circumstances." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)).

## Analysis

Mr. Fleming has not shown that reconsideration of the February 11, 2025, Decision is warranted. In his motion for reconsideration, Mr. Fleming argues that the Court should reconsider its dismissal decision because: (1) the Court did not address his grounds for his motion to transfer; (2) the Court's dismissal order conflicts with established legal precedent; (3) he is forced to pursue a costly appeal; and (4) the Court mischaracterized his claims.[3] *See generally* ECF No. 32. Because Mr. Fleming has not advanced a proper ground for reconsideration of the February 11, 2025, Decision, the Court DENIES his motion for reconsideration.

Mr. Fleming primarily argues that the Court should reconsider the February 11, 2025, Decision, because the Court did not address his grounds for his motion to transfer and the Court mischaracterized his claims. *See id.* Mr. Fleming had an opportunity to raise and address these issues in connection with his response in opposition to Freedom Mortgage's motion to dismiss. ECF No. 16. And so, he cannot use a motion to reconsideration as a vehicle to re-litigate these issues. *See Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013) ( "A motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's ruling will not support granting such a request.'" (quoting *Sanders v. Prince George's Pub. Sch. Sys.*, No. 08-cv-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011))).

Mr. Fleming's remaining arguments, that the Court's dismissal order conflicts with established legal precedent, and he has been forced to pursue a costly appeal, also do not show either: (1) an intervening change in controlling law; (2) new evidence not available at trial; or (3) a clear error of law or manifest injustice, to warrant reconsideration. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)). And so, while Mr. Fleming may understandably disagree with the Court's decision to dismiss this matter,

---

[3] Mr. Fleming argues that "the fundamental issue [in this case] is whether [Freedom Mortgage] has the legal right to foreclose on the property." ECF No. 32 at 5.

such disagreement is not a proper ground for reconsideration under Rule 59(e) or Rule 60(b). Given this, the Court DENIES Mr. Fleming's motion for reconsideration.

## Conclusion

For the forgoing reasons, the Court **DENIES** Mr. Fleming's motion for reconsideration (ECF No. 32).

**IT IS SO ORDERED.**

                                                    s/ Lydia Kay Griggsby
                                                    LYDIA KAY GRIGGSBY
                                                    United States District Judge